UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOUGLAS REDDEN

                Plaintiff

    v.                                      C-1-09-330

COMMISSIONER OF SOCIAL SECURITY,

                Defendant

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 9), plaintiff's objections thereto (doc. no. 10) and defendant's response (doc. no. 11).  Plaintiff, a Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) claimant, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying plaintiff's application for DIB and SSI benefits. The Magistrate Judge concluded that there is substantial evidence to support the Commissioner's findings and recommended that the final decision of the Commissioner that plaintiff is not entitled to benefits be affirmed.

2

## I.

Plaintiff filed applications for DIB and SSI on March 9, 2006 alleging that he became disabled on March 1, 2005.  Those applications were denied on the state agency levels and plaintiff requested a *de novo* hearing before the ALJ.  An evidentiary hearing was held September 17, 2008.  Plaintiff, who was represented by counsel, was present and testified at the hearing.  Janet E. Chapman testified as a vocational expert.  Following the hearing, the ALJ issued a final administrative decision on October 14, 2008 denying benefits.

## II.

Plaintiff has the following specific objections to the Magistrate Judge's Report and Recommendation.  Plaintiff argues that the Magistrate Judge erred having not given Dr. Yuellig's opinion controlling weight of the evidence as the treating physician.  Defendant points out, however, that Dr. Yuellig's opinions were contradicted by his own treatment notes, all other medical opinions in the record and the fact that Dr. Yuellig had not treated plaintiff over a span of 18 months.

Plaintiff also objects to the Magistrate Judge's determination that the opinion of Mr. Burnside, plaintiff's social worker, was not given the most weight on mental impairments.  Defendant argues that, while the ALJ considered Mr. Burnside's opinion, the ALJ found it to be inconsistent with his own earlier opinions and treatment notes, as well as the opinions of all other licensed or certified psychologists and psychiatrists on record.

Plaintiff's final objection to the Report and Recommendation is that hypothetical questions of the vocational expert omitted specific impairments and limitations making the hypotheticals inadequate under the step 5 burden of 20 CFR §404.1520.  Defendant argues that any such omission by the ALJ was harmless error, as plaintiff could have performed a significant number of sedentary jobs listed by the expert.

The Magistrate Judge reported the DOT is generally silent with respect to requirements of overhead reaching.  Social Security regulations describe the physical exertion requirements of sedentary work in general, and they specify that sedentary work involves minimal exertion demands, such as lifting no more than ten pounds and occasionally lifting or carrying articles such as docket files, ledgers, and

small tools.  The ALJ could reasonably find that such activities rarely involve reaching overhead with the right -- or both -- upper extremities.

Specific sedentary listings in the DOT support this notion.  For example, the DOT listing for surveillance-system monitor, one of the sedentary jobs listed by the vocational expert , specifies that the position calls for exerting no more than ten pounds of force occasionally, a negligible amount of force frequently "to lift, carry, push, pull, or otherwise move objects," and no reaching, handling or fingering.  U.S. Dept. Of Labor, *Dictionary of Occupational Titles* ("DOT") (4th ed. 1991) § 379.367-010.  By way of further example, the DOT description for microfilming document preparer, another sedentary job listed by the vocational expert, states that required activities for the job also include exerting no more than ten pounds of force occasionally, a negligible amount of force frequently "to lift, carry, push, pull, or otherwise move objects," and no reaching, handling or fingering.  DOT § 249.587-018.

Even if a sedentary job requires occasional overhead reaching, there is no evidence that Plaintiff could not do the job, as he was not limited in reaching overhead with his *left* upper extremity.

5

**III.**

Judicial review of the Commissioner's decision is limited in scope by 42 U.S.C. § 405(g). The Court's sole function under the statute is to determine whether there is substantial evidence to support the Commissioner''s findings of no disability. The Commissioner's findings should stand if, after a review of the record in its entirety, the Court finds that the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Mullen v. Sec. of HHS*, 800 F.2d 535 (6th Cir. 1986); *Kirk v. Sec. of HHS*, 667 F.2d 524 (6th Cir. 1981), *cert. denied* 461 U.S. 957 (1983).

Upon a *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that plaintiff's contentions have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge that the Commissioner 's decision is supported by substantial evidence in the record.

6

Accordingly, the Court **ADOPTS AND INCORPORATES BY REFERENCE HEREIN** the Report and Recommendation of the United States Magistrate Judge (doc. no. 9) and the final decision of the Commissioner denying plaintiff Disability Insurance Benefits and Supplemental Security Income benefits is hereby **AFFIRMED**. This case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

                                                            s/Herman J. Weber  
                                        **Herman J. Weber, Senior Judge**  
                                        **United States District Court**